IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| AMERICAN FOODS GROUP, INC., | ) |
| Plaintiff, | ) No. 1:06-cv-48-EJM |
| v. | ) |
| | ) AFG'S AND THE BANK'S AGREED |
| IOWA QUALITY BEEF, L.L.C., IOWA QUALITY BEEF REAL ESTATE, L.L.C. and IOWA QUALITY BEEF SUPPLY COOPERATIVE, | ) MOTION AND ORDER RE: APPROVING SETTLEMENT AND DISMISSALS WITH PREJUDICE |
| Defendants, | ) |
| LIBERTY BANK, F.S.B., | ) |
| Defendant/Intervenor. | ) |

Pursuant to Fed. R. Civ. P. 41(a)(2) and (c) and LR 41.c, Plaintiff American Foods Group, Inc. ("AFG") and Defendant/Intervenor Liberty Bank, FSB (the "Bank") (AFG and the Bank are referred to herein collectively as the "Parties") hereby jointly move the Court to enter this Agreed Motion as an Order, approving the Parties' settlement (the Parties' fully executed Confidential Settlement Agreement has been contemporaneously filed under seal for the Court's review pursuant to the terms of the Parties' 1/3/08 Settlement Record (Document 113) and this Court's Order (filed 4/16/08, Document 132)) and dismissing with prejudice from this action: (1) AFG's claim against the Bank for replevin of certain meat packing equipment associated with the former IQB Defendants'(defined below) Tama, Iowa plant (the "Equipment"); and (2) the Bank's defenses to AFG's replevin claim. The Parties state the following in support of this Agreed Motion:

{00695792.DOC}

## Brief Background

1.  In April 2006, AFG commenced its replevin action for possession of the Equipment against Iowa Quality Beef, LLC ("IQB") and Iowa Quality Beef Real Estate, LLC ("IQBRE"), captioned <u>American Foods Group, Inc. v. Iowa Quality Beef, LLC et al.</u>, No. 06-CV-48, in the United States District Court for the Northern District of Iowa. The Bank intervened in the action as a Defendant in June 2006, asserting through its defenses (including affirmative defenses), among other things, that it held a superior right to some of the Equipment as the holder of a perfected security interest in fixtures.

2.  In September 2006, AFG amended its claims in the AFG Action, adding Iowa Quality Beef Supply Cooperative ("IQBSC"; IQB, IQBRE and IQBSC are referred to herein collectively as the "IQB Defendants") as an additional Defendant and asserting additional claims for monetary damages against IQB and IQBRE stemming from missing and/or damaged Equipment and breach of the Equipment lease, as well as contractual claims relating to the IQB Defendants' breach of a guaranty and an indemnification agreement. The parties agreed to bifurcate AFG's contract/damages claims against the IQB Defendants and stay such litigation until the Court ruled on the Bank's defenses to AFG's claim to possession of the Equipment, and the Court approved this bifurcation and stay of litigation. (<u>See</u> Order on Pending Motions, Document 67, filed 11/30/06; <u>see also</u> Order, Document 82, filed 6/11/07.)

3.  Trial on the Bank's defenses to AFG's replevin claim to the Equipment was set to begin on February 4, 2008. (<u>See</u> Order, Document 95, filed 10/10/07.) In preparation, the Court set a final pretrial and settlement conference for January 3, 2008. (<u>See</u> Order Resetting Hearings, Document 98, filed 10/24/07.)

### The Parties' Confidential Settlement Agreement

4. At that January 3, 2008 settlement conference, the Parties reached a confidential settlement of AFG's replevin claim relating to the Equipment against the Bank and the Bank's defenses to the same (this settlement does not resolve AFG's pending claims against the IQB Defendants, including without limitation its replevin of the Equipment and breach of contract claims). (See, e.g., the 1/3/08 Settlement Record.) The Parties have now memorialized this settlement and executed the same, the Confidential Settlement Agreement, previously submitted to this Court under seal for review and approval, as directed by Magistrate Judge Scoles. (Id., pp. 6, 18-19.)

5. The Confidential Settlement Agreement resolves the Parties' respective claims and defenses against each other as asserted in this Action, including: (a) AFG's Motion for an Order Finding the Bank in Contempt of Court (Document 148, AFG's "Contempt Motion"), the subject of this Court's Report and Recommendation (filed 12/30/08, Document 160); (b) the Bank's appeal of this Court's Order (filed 12/31/08, Document 161) granting AFG's motion to enforce the Settlement Record (which appeal the Bank has dismissed without prejudice, subject to reinstatement upon this Court's denial of this Agreed Motion); and (c) AFG's Motion Re: (1) Bank's Execution of Declaration of Restrictive Covenants; (2) Escrowing Insurance Claim Proceeds; (3) Prohibiting Bank's Sale of Equipment; and (4) Equipment Inspection (filed 3/13/09, Document 175, AFG's "Escrow Motion"). Under the Confidential Settlement Agreement, each Party to it is responsible for its own court costs relating to the Bank's defenses to AFG's replevin claim.

6. The IQB Defendants are not parties to this Confidential Settlement Agreement, and under that Agreement, AFG does not settle, release, waive or otherwise limit in any way and specifically reserves all of its rights and/or claims against any and all of the IQB Defendants, including those claims relating to the Equipment and as set forth in this action. The Confidential Settlement Agreement is not in satisfaction of AFG's claims against any and all of the IQB Defendants.[1] Nor does that Agreement settle, release, waive or otherwise limit any claim the Bank may have against the IQB Defendants.

7. Accordingly, pursuant to Fed. R. Civ. P. 41(a)(2) ("an action may be dismissed at the plaintiff's request only by court order, <u>on terms that the court considers proper</u>.") (emphasis added) and 41(c) (dismissals of third party claims), the Parties request the Court to review and approve the Confidential Settlement Agreement and enter the following Agreed Order, approving the Parties' Confidential Settlement Agreement, dismissing with prejudice the Parties' respective claims and defenses relating to the Equipment and preserving AFG's claims against the IQB Defendants.

<u>Agreed Order</u>

Having considered the Agreed Motion by AFG and the Bank as set forth above, and being fully advised,

---

[1] Nonetheless, AFG is working with the IQB Defendants in an effort to resolve AFG's claims against them in this action through settlement, and AFG will report back to this Court on the status of those efforts, upon resolution of the Bank's defenses to AFG's replevin claim and the granting of this agreed dismissal motion. (<u>See</u> Order Continuing Hearing (filed 4/24/08, Document 136) (continuing status hearing on AFG/IQB Defendants' settlement progress until resolution of AFG's motion to enforce settlement); <u>see also</u> Order (filed 12/31/08, Document 161) (granting AFG's motion to enforce settlement and referring case to Judge Scoles for completion of AFG/Bank settlement).)

IT IS HEREBY ORDERED:

1. The Confidential Settlement Agreement between AFG and the Bank is approved;

2. AFG's replevin claim against the Bank concerning the Equipment (including AFG's Contempt Motion and its Escrow Motion) and the Bank's defenses to the same (including its affirmative defenses) are hereby dismissed with prejudice, with each Party to bear its own respective court costs incurred, as provided in the Confidential Settlement Agreement;

3. The dismissal with prejudice of AFG's replevin claim against the Bank concerning the Equipment has no effect on AFG's claims, including without limitation its replevin of Equipment and breach of contract claims, against any and all of the IQB Defendants, which AFG claims remain pending; and

4. There being no just reason for delay, LET JUDGMENT BE ENTERED ACCORDINGLY.

**IT IS SO ORDERED.**

DATED this 19 day of May, 2009.

_Edward J. McManus_
Edward J. McManus, Judge
United States District Court
Northern District of Iowa

Agreed to by the Parties:

Dated: May 18, 2009

/s/  *TIMOTHY J. HILL*
TIMOTHY J. HILL (LI#0015821)
KIMBERLY H. BLANKENSHIP (LI#0017345)
   of
BRADLEY & RILEY PC
2007 First Avenue, SE
P.O. Box 2804
Cedar Rapids, IA 52406-2804
Phone: (319) 363-0101
Fax:   (319) 363-9824
Email: thill@bradleyriley.com
Email: kblankenship@bradleyriley.com

Matthew T. Boos (#237310)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Telephone: (612) 492-7180
Facsimile: (612) 492-7077
Email: mboos@fredlaw.com

Attorneys for Plaintiff
American Foods Group, Inc.


/s/ *GARY A. NORTON*
GARY A. NORTON
JOHN H. MOORLACH
   of
WHITFIELD & EDDY, P.L.C.
317 - 6th Ave., Suite 1200
Des Moines, IA 50309-4195
Telephone: (515) 288-6041
Facsimile: (515) 246-1474
Email: norton@whitfieldlaw.com
Email: moorlach@whitfieldlaw.com

Richard S. Fry
Nancy J. Penner
SHUTTLEWORTH & INGERSOLL, P.L.C.
115 - 3rd Street SE, Suite 500
P.O. Box 2107
Cedar Rapids, IA 52406
Phone: (319) 365-9461
Fax: (319) 365-8564
Email: rsf@shuttleworthlaw.com
Email: njp@shuttleworthlaw.com

Attorneys for Defendant/Intervenor
Liberty Bank, F.S.B.

Copy to:

Mark A. Roberts
Lynn W. Hartman
Simmons, Perrine, Albright & Ellwood PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
Attorneys for Defendants Iowa Quality Beef, L.L.C.,
Iowa Quality Beef Real Estate, L.L.C., and
Iowa Quality Beef Supply Cooperative

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document was served upon the following persons at the addresses indicated by CM/ECF electronic notification or by enclosing the same in an envelope with postage fully paid, and by depositing said envelope in a United States Postal Depository this 18th day of May, 20 09. I declare under penalty of perjury that the foregoing is true and correct.

/s/ Julie A. Pflughaupt